MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
LUIS  ANTONIO ORTIZ, *individually and on*
*behalf of others similarly situated,*

                   *Plaintiff*,                      **17-cv-07095-RRM-RLM**

       -against-                       **FIRST AMENDED COMPLAINT**

RED HOOK DELI AND GROCERY 2015
CORP. (D/B/A RED HOOK GOURMET
DELI), SALAL SAHID, WESSEIN SAHID,
JOHN DOE 1, and JOHN DOE 2,

                  *Defendants.*
-------------------------------------------------------X

      Plaintiff Luis  Antonio Ortiz ("Plaintiff Ortiz" or "Mr. Ortiz"), individually and on behalf

of others similarly situated , by and through his attorneys, Michael Faillace & Associates, P.C.,

upon his knowledge and belief, and as against Red Hook Deli and Grocery 2015 Corp. (d/b/a Red

Hook Gourmet Deli), ("Defendant Corporation"), Salal Sahid, Wessein Sahid, John Doe 1, and

John Doe 2, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

<u>**NATURE OF THE ACTION**</u>

      1.      Plaintiff Ortiz is a former employee of Defendants Red Hook Deli and Grocery

2015 Corp. (d/b/a Red Hook Gourmet Deli), Salal Sahid, Wessein Sahid, John Doe 1, and John

Doe 2.

      2.      Defendants own, operate, or control a deli, located at 66 Lorraine St, Brooklyn,

NY 11231 under the name Red Hook Gourmet Deli.

3.      Upon information and belief, individual Defendants Salal Sahid, Wessein Sahid, John Doe 1, and John Doe 2, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the deli as a joint or unified enterprise.

4.      Defendants employed Plaintiff Ortiz as a deli worker.

5.      At all times relevant to this Complaint, Plaintiff Ortiz worked for Defendants in excess of 40 hours per week, without appropriate overtime and spread of hours compensation for the hours that he worked.

6.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiff Ortiz appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Further, Defendants failed to pay Plaintiff Ortiz the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

8.      Defendants' conduct extended beyond Plaintiff Ortiz to all other similarly situated employees.

9.      At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Ortiz and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

10.     Plaintiff Ortiz now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the

"Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

11.     Plaintiff Ortiz seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Ortiz's state law claims under 28 U.S.C. § 1367(a).

13.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a deli located in this district.  Further, Plaintiff Ortiz was employed by Defendants in this district.

## PARTIES

*Plaintiff*

14.     Plaintiff Luis Antonio Ortiz ("Plaintiff Ortiz" or "Mr. Ortiz") is an adult individual residing in Queens County, New York.  Plaintiff Ortiz was employed by Defendants at Red Hook Gourmet Deli from approximately August 22, 2016 until on or about October 25, 2017.

15.     Plaintiff Ortiz consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

16.     At all relevant times, Defendants owned, operated, or controlled a deli located at 66 Lorraine St, Brooklyn, NY 11231 under the name "Red Hook Gourmet Deli".

17.     Upon information and belief, Red Hook Deli and Grocery 2015 Corp. (d/b/a Red Hook Gourmet Deli) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 66 Lorraine St, Brooklyn, NY 11231.

18.     Defendant Salal Sahid is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Salal Sahid is sued individually in his capacity as owner, officer and/or agent of the Defendant Corporation. Defendant Salal Sahid possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determined the wages and compensation of the employees of Defendants, including Plaintiff Ortiz, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

19.     Defendant Wessein Sahid is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Wessein Sahid is sued individually in his capacity as owner, officer and/or agent of the Defendant Corporation. Defendant Wessein Sahid possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determined the wages and compensation of the employees of Defendants, including Plaintiff Ortiz, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

20.     Defendant John Doe 1 is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant John Doe 1 is sued individually in his capacity as owner, officer and/or agent of the Defendant Corporation. Defendant John Doe 1 possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determined the wages and compensation of the employees of Defendants, including Plaintiff Ortiz, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

21.     Defendant John Doe 2 is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant John Doe 2 is sued individually in his capacity as owner, officer and/or agent of the Defendant Corporation. Defendant John Doe 2 possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determined the wages and compensation of the employees of Defendants, including Plaintiff Ortiz, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

22.     Defendants operate a deli located in the Red Hook neighborhood of Brooklyn.

23.     Individual Defendants, Salal Sahid, Wessein Sahid, John Doe 1, and John Doe 2, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

24.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

25.     Each Defendant possessed substantial control over Plaintiff Ortiz's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Ortiz, and all similarly situated individuals, referred to herein.

26.     Defendants jointly employed Plaintiff Ortiz (and all similarly situated employees) and are Plaintiff Ortiz's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

27.     In the alternative, Defendants constitute a single employer of Plaintiff Ortiz and/or similarly situated individuals.

28.     Upon information and belief, Individual Defendants, Salal Sahid, Wessein Sahid, John Doe 1, and John Doe 2 operate Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

a.   failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b.   defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c.   transferring assets and debts freely as between all Defendants,

d.   operating Defendant Corporation for their own benefit as the sole or majority shareholders,

  e. operating Defendant Corporation for their own benefit and maintaining control over it as a closed Corporation,

  f. intermingling assets and debts of their own with Defendant Corporation,

  g. diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

  h. Other actions evincing a failure to adhere to the corporate form.

29. At all relevant times, Defendants were Plaintiff Ortiz's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Ortiz, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Ortiz's services.

30. In each year, from 2016 to 2017, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

31. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the deli on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

32. Plaintiff Ortiz is a former employee of Defendants who was employed as a deli worker.

33. Plaintiff Ortiz seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Luis Antonio Ortiz*

34.     Plaintiff Ortiz was employed by Defendants from approximately August 22, 2016 until on or about October 25, 2017.

35.     Defendants employed Plaintiff Ortiz as a deli worker.

36.     Plaintiff Ortiz regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

37.     Plaintiff Ortiz's work duties required neither discretion nor independent judgment.

38.     Throughout his employment with Defendants, Plaintiff Ortiz regularly worked in excess of 40 hours per week.

39.     From approximately August 22, 2016 until on or about August 2017, Plaintiff Ortiz worked as a deli worker from approximately 12:00 p.m.  until on or about 12:00 a.m., 7 days a week (typically 84 hours per week).

40.     From approximately September 2017 until on or about October 25, 2017, Plaintiff Ortiz worked as a deli worker from approximately 3:00 p.m. until on or about 12:00 a.m. 7 days a week (typically 63 hours per week).

41.     Throughout his employment, Defendants paid Plaintiff Ortiz his wages in cash.

42.     From approximately August 2016 until on or about August 22, 2017, Defendants paid Plaintiff Ortiz a fixed salary of $1008 per week, or $12 per regular and overtime hour.

43.     From approximately September 2017 until on or about October 25, 2017, Defendants paid Plaintiff Ortiz a fixed salary of $756 per week, or $12 per regular and overtime hour.

44.     Plaintiff Ortiz's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

45.     For example, Defendants required Plaintiff Ortiz to work an additional 15 to 30 minutes past his scheduled departure time two or three days a week, and did not pay him for the additional time he worked.

46.     Defendants never granted Plaintiff Ortiz a meal break or rest period of any kind.

47.     Plaintiff Ortiz was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

48.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Ortiz regarding overtime and wages under the FLSA and NYLL.

49.     Defendants did not provide Plaintiff Ortiz an accurate statement of wages, as required by NYLL 195(3).

50.     Defendants did not give any notice to Plaintiff Ortiz, in English and in Spanish (Plaintiff Ortiz's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

51.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Ortiz (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate spread of hours pay and overtime compensation as required by federal and state laws.

52.     Plaintiff Ortiz was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked

53.     Defendants habitually required Plaintiff Ortiz to work additional hours beyond his

regular shifts but did not provide him with any additional compensation.

Plaintiff Ortiz was paid his wages in cash.

54.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and the New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

55.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

56.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Ortiz (and similarly situated individuals) worked, and to avoid paying Plaintiff Ortiz properly for his full hours worked.

57.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

58.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Ortiz and other similarly situated former workers.

59.     Defendants failed to provide Plaintiff  Ortiz and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by

- 10 -

NYLL §195(3).

60.     Defendants failed to provide Plaintiff Ortiz and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

61.     Plaintiff Ortiz brings his FLSA overtime and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

62.     At all relevant times, Plaintiff Ortiz and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records required by the FLSA.

63.     The claims of Plaintiff Ortiz stated herein are similar to those of the other

employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

64.     Plaintiff Ortiz repeats and realleges all paragraphs above as though fully set forth herein.

65.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Ortiz (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

66.     Defendants' failure to pay Plaintiff Ortiz (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

67.     Plaintiff Ortiz (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

68.     Plaintiff Ortiz repeats and realleges all paragraphs above as though fully set forth herein.

69.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Ortiz (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

70.     Defendants' failure to pay Plaintiff Ortiz (and the FLSA Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

71.     Plaintiff Ortiz (and the FLSA Class members) were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMMISSIONER OF LABOR

72.     Plaintiff Ortiz repeats and realleges all paragraphs above as though fully set forth herein.

73.     Defendants failed to pay Plaintiff Ortiz (and the FLSA Class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Ortiz's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

74.     Defendants' failure to pay Plaintiff Ortiz (and the FLSA Class members) an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

75.     Plaintiff Ortiz (and the FLSA Class members) were damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

76.     Plaintiff Ortiz repeats and realleges all paragraphs above as though fully set forth herein.

77.     Defendants failed to provide Plaintiff Ortiz with a written notice, in English and in Spanish (Plaintiff Ortiz's primary language), containing: the rate or rates of pay and basis thereof,

whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

78.     Defendants are liable to Plaintiff Ortiz in the amount of $5,000, together with costs and attorneys' fees.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF THE WAGE STATEMENT PROVISIONS**

**OF THE NEW YORK LABOR LAW**

79.     Plaintiff Ortiz repeats and realleges all paragraphs above as though fully set forth herein.

80.     With each payment of wages, Defendants failed to provide Plaintiff Ortiz (and the FLSA Class members) with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

81.     Defendants are liable to Plaintiff Ortiz in the amount of $5,000, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Ortiz respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Ortiz and the FLSA Class members;

(c)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Ortiz's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Ortiz and the FLSA Class members;

(e)     Awarding Plaintiff Ortiz and the FLSA Class members damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)     Awarding Plaintiff Ortiz and the FLSA Class members liquidated damages in an amount equal to 100% of  his damages for the amount of unpaid overtime compensation and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Ortiz (and the FLSA Class members);

(h)     Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Ortiz (and the FLSA Class members);

(i)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Ortiz's (and the FLSA Class members) compensation, hours, wages and any deductions or credits taken against wages;

(j)     Awarding Plaintiff Ortiz and the FLSA Class members damages for the amount of unpaid overtime compensation and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(k)     Awarding Plaintiff Ortiz and the FLSA Class members damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(l)     Awarding Plaintiff Ortiz and the FLSA Class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(m)     Awarding Plaintiff Ortiz and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(n)     Awarding Plaintiff Ortiz and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(o)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(p)      All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Ortiz demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York
         December 7, 2017

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:      /s/ Michael Faillace
         Michael Faillace [MF-8436]
         60 East 42nd Street, suite 4510
         New York, New York 10165
         Telephone: (212) 317-1200
         Facsimile: (212) 317-1620
         *Attorneys for Plaintiff*