UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
LUIS ANTONIO ORTIZ,

                Plaintiff,                      ORDER TO SHOW CAUSE

       -against-                               17-CV-7095 (RRM)

RED HOOK DELI AND GROCERY 2015 CORP.,
et al.,

                Defendants.
----------------------------------------------------------------x

**ROANNE L. MANN, CHIEF UNITED STATES MAGISTRATE JUDGE:**

        On January 15, 2019, the Honorable Roslynn R. Mauskopf referred plaintiff's motion for default judgment to the undersigned magistrate judge to report and recommend on the damages to be awarded to plaintiff against defendants Red Hook Deli and Grocery 2015 Corp., Salal Sahid, and Wessein Sahid ("defendants"). See Order Referring Motion (Jan. 15, 2019).

        This Court has identified an apparent defect in plaintiff's service of process on defendant Wessein Sahid. The affidavit of service states that Wessein Sahid was served by delivering a copy of the summons and complaint to Salal Sahid, "Authorized Agent." See Affidavit of Service. (Feb. 13, 2018) ("Aff. of Service"), Electronic Case Filing ("ECF") Docket Entry ("DE") #8. Plaintiff thus appears to be invoking Rule 4(e)(2)(C) of the Federal Rules of Civil Procedure, which allows service of process on an individual in the United States by "delivering a copy of [the summons and complaint] to any agent authorized by appointment or by laws to receive service of process." Fed. R. Civ. P. 4(e)(2)(C). However, "[w]hile an agent's authority to accept service may be implied from the relationship between principal and agent, a party must present facts and circumstances showing the proper relationship between

the defendant and its alleged agent in fact existed—[i]n absence of actual appointment, service of process is ineffective." Prado v. City of New York, No. 12-CV-4239 (RJS), 2015 WL 5190427, at *3 (S.D.N.Y. Sept. 3, 2015) (quotations omitted). Thus, failure to present evidence that the agent was in fact appointed to receive service of process is grounds for dismissal. Id. at *3-4.

Nor does plaintiff appear to have complied with New York State law in effecting service on Wessein Sahid. See generally Fed. R. Civ. P. 4(e)(1) (authorizing service of process in accordance with the law of the forum state or the state where service is made). Rule 318 of New York's C.P.L.R. provides that "[a] person may be designated as an agent for service in a writing, executed and acknowledged by the principal in the same manner as a deed, with the consent of the agent endorsed thereon." N.Y.C.P.L.R. § 318. Again, plaintiff provides no evidence to substantiate that co-defendant Salal Sahid is indeed an authorized agent who can accept service on behalf of defendant Wessein Sahid.

To the extent that plaintiff purported to serve Wessein Sahid under Section 308 of the C.P.L.R., such service is likewise defective. Section 308 provides that service of process may be made by delivering the summons within the state to "a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend 'personal and confidential[.]'" In this action, plaintiff delivered the summons and complaint to defendant Wessein Sahid's purported principal place of business, and left copies with co-defendant Salal Sahid. However, the affidavit of service does not indicate that copies of the same were

2

thereafter mailed to defendant Wessein Sahid.  <u>See</u> Aff. of Service.

For the foregoing reasons, plaintiff is ordered to show cause, via ECF by **May 16, 2019**, why his claims against defendant Wessein Sahid should not be dismissed for ineffective service of process.

Plaintiff shall promptly serve copies of this order on defendants and file proof of service.

**SO ORDERED.**

Dated: Brooklyn, New York
      May 13, 2019

/s/ *Roanne L. Mann*
**ROANNE L. MANN**
**CHIEF UNITED STATES MAGISTRATE JUDGE**